IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| RENEE CHRUSTOWSKI,<br><br>    Plaintiff,<br><br>  v.<br><br>ARCHER & GREINER, *et al.*,<br><br>    Defendants. | Case No. 23-cv-22010 (RMB/EAP) |
| RENEE CHRUSTOWSKI,<br><br>    Plaintiff,<br><br>  v.<br><br>MELANIE HAMLIN BROWN, *et al.*,<br><br>    Defendants. | Case No. 23-cv-21194 (RMB/SAK) |
| RENEE CHRUSTOWSKI,<br><br>    Plaintiff,<br><br>  v.<br><br>J.P. MORGAN CHASE, *et al.*,<br><br>    Defendants. | Case No. 23-cv-21195 (RMB/SAK) |

**MEMORANDUM & ORDER**

These matters are before the Court upon applications to proceed without prepaying fees or costs (i.e., *in forma pauperis* ("**IFP**")) by *pro se* Plaintiff Renee

Chrustowski ("**Plaintiff**").  As Plaintiff knows from her many lawsuits commenced in this Court,[1] to proceed without prepaying fees or costs, an applicant must submit an affidavit that includes a complete list of her assets, among other financial details, and establishes that she is unable to pay the filing fee.  *See* 28 U.S.C. § 1915(a); *Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995) ("In this circuit, leave to proceed [IFP] is based on a showing of indigence."); *see also Roy v. Penn. Nat'l Ins. Co.*, 2014 WL 4104979, at *1 (D.N.J. Aug. 19, 2014).  A litigant is not entitled to proceed without paying; she must prove her entitlement to do so.  *In re Lassina*, 261 B.R. 614, 618 (Bankr. E.D. Pa. 2001).  A court's decision to grant or deny an IFP application is within its sound discretion, *see Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010) (citing *Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985)), and based solely on the economic eligibility of the applicant, *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

A court does not abuse its discretion in denying an IFP application when the applicant's financial affidavit shows that her monthly income is significantly higher that her monthly expenses.  *See Bullock v. Suomela*, 710 F.2d 102, 103 (3d Cir. 1983); *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  Similarly, a court may deny an applicant's request to proceed without paying fees and costs where an applicant submits multiple IFP applications that are inconsistent with one another.

---

[1] In addition to the above-captioned cases, see also *Chrustowski v. Cumberland Cnty. Guidance Ctr.*, Case No. 23-cv-3112-RMB-SAK; *Chrustowski v. Cumberland Cnty. Guidance Ctr.*, Case No. 23-cv-3113-RMB-SAK; *Chrustowski v. NAACP*, Case No. 23-cv-3692-RMB-SAK; and *Chrustowski v. Carney's Point Twp.*, Case No. 23-cv-4251-RMB-SAK.  Except for the latter case, Plaintiff filed IFP applications in each.

*See Smart v. Gloucester Twp. Mun. Corp.*, 229 F. App'x 87, 89 (3d Cir. 2007) (affirming decision to revoke a plaintiff's *in forma pauperis* status and dismiss the plaintiff's numerous cases where he had submitted inconsistent IFP applications and failed to prove his inability to pay filing fee). These propositions should be familiar to Plaintiff.[2]

Here, Plaintiff submits three more IFP applications. After reviewing Plaintiff's first IFP application in Case No. 23-cv-22010 [Docket No. 1-1 (dated Nov. 1, 2023)], the Court directed Plaintiff to file an explanation concerning her answers to paragraphs 9 and 11. [Order, Docket 3 (filed Nov. 9, 2023).] Plaintiff had indicated, without more, that she was on a "30-day removal without pay" from her job. [Docket No. 1-1, at ¶¶ 9, 11.] On November 27, 2023, Plaintiff filed a second IFP application. [Docket No. 5.] The application merely reiterates that she is "on a 30-day removal without pay." [*Id.* at ¶¶ 9, 11.] It contains no further explanation. [*See generally id.*] Plaintiff's IFP applications in the other above-captioned cases are materially identical to her first application in Case No. 23-cv-22010. [*Compare* Case No. 23-cv-21194, Docket No. 1-1 (dated Oct. 10, 2023), *and* Case No. 23-cv-21195, Docket No. 1-2 (dated Oct. 9, 2023), *with* Case No. 23-cv-22010, Docket No. 1-1 (dated Nov. 1, 2023).]

---

[2] The Court thrice denied Plaintiff's request to proceed without payment of fees and costs in Case No. 23-cv-3112, observing on August 15, 2023, that Plaintiff's average monthly income, compared to her expenses, was sufficient to require Plaintiff to pay the filing fee. [Order at 2, Docket No. 11.] Moreover, the Court noted that Plaintiff's applications contained inconsistencies regarding her savings, expected income, and the value of Plaintiff's automobile, among other things. [*See generally* Orders, Docket Nos. 5, 9, & 11.] On appeal of the Court's Order denying Plaintiff's third application to proceed *in forma pauperis*, [Docket No. 11], the Third Circuit affirmed on both rationales. [See U.S. Court of Appeals Order, Docket No. 18 (filed Dec. 12, 2023).]

Separately, Plaintiff has filed additional IFP applications in her other litigations before this Court, including in actions where she already paid the filing fee. [*See, e.g.*, Case No. 23-cv-3692, Docket No. 13 (dated Dec. 14, 2023).] This application—which appears to be her most recent—fails to explain what Plaintiff means by her claim that she is "on a 30-day removal without pay." [*Id.* ¶ 9.] As a result, the Court cannot determine whether Plaintiff returned to work after her application was submitted and whether she currently receives an income. Without sufficient and accurate information concerning Plaintiff's employment status and source of income, the Court does not have the complete picture necessary to determine whether to permit Plaintiff to proceed without paying fees and costs, to require partial payment of the filing fee, or to deny her request altogether. *See Bullock*, 710 F.2d at 103 ("What may be required by the district court in the exercise of its discretion is a payment which is fair in the light of the actual financial situation of the particular pro se litigant."). Accordingly,

**IT IS**, on this **26th** day of **March 2024**, hereby:

1. **ORDERED** that Plaintiff's second IFP application in Case No. 23-cv-22010 [Docket No. 5] and Plaintiff's IFP applications in Case Nos. 23-cv-21194 [Docket No. 1-1] and 23-cv-21195 [Docket No. 1-2] are **DENIED, without prejudice**; and it is further

2. **ORDERED** that the Clerk of the Court shall not file Plaintiff's Complaints, but rather shall **CLOSE** Case Nos. 23-cv-22010, 23-cv-21194, and 23-cv-21195; and it is further

3. **ORDERED** that Plaintiff may move to reopen these cases by (a) submitting an updated application to proceed without prepayment of fees and costs that sufficiently addresses the Court's questions regarding the status of her employment and source of income and adequately explains the previously identified inconsistencies in her other applications to this Court, which shall require further action from the Court, or (b) paying the filing fee as to each case within **fourteen (14) days** of the date hereof, which shall reopen these cases without further action from the Court; and it is finally

4. **ORDERED** that the Clerk of the Court shall **MAIL** a copy of this Memorandum and Order to Plaintiff's address via regular mail and shall **NOTE** on the docket of each of the above-captioned cases the date upon which it is mailed accordingly.

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge
